UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>              Plaintiff,<br><br>v.<br><br>JOHN DOE, subscriber assigned IP address 172.88.76.11,<br><br>              Defendant. | Case No.:  25cv1466-JES-SBC<br><br>**ORDER GRANTING PLAINTIFF'S *EX PARTE* APPLICATION FOR LEAVE TO SERVE A THIRD-PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE**<br><br>**[ECF No. 4]** |

Before the Court is Strike 3 Holdings, LLC's ("Plaintiff's") *ex parte* application for leave to serve a third-party subpoena prior to a Rule 26(f) conference. (ECF No. 4.) No Defendant has been named or served. For the reasons discussed below, Plaintiff's application is **GRANTED**.

### I.     PROCEDURAL HISTORY

On June 6, 2025, Plaintiff filed a complaint against "John Doe," allegedly a subscriber of Spectrum and assigned Internet Protocol ("IP") address 104.52.240.104 ("Defendant"). (ECF No. 1.) Plaintiff alleges direct copyright infringement against Defendant. (*Id*.) Plaintiff asserts that it is the registered copyright holder of certain copyrighted works alleged to have been infringed by Defendant. (*Id*.) Plaintiff contends Defendant used the BitTorrent file distribution network to copy and distribute Plaintiff's

copyrighted works without Plaintiff's permission. (*Id.*)

Plaintiff seeks leave to conduct early discovery to learn the identity of the subscriber of the subject IP address from the Internet Service Provider ("ISP"), Spectrum, who assigned the IP address to its subscriber during the relevant period. (ECF No. 4.) Specifically, Plaintiff seeks an order permitting it to serve a third-party subpoena on Spectrum, pursuant to Federal Rule of Civil Procedure 45, requiring the ISP to supply the name and address of its subscriber to Plaintiff. (*Id.*)

## II.  LEGAL STANDARD

Formal discovery generally is not permitted without a court order before the parties have conferred pursuant to Federal Rule of Civil Procedure 26(f). Fed. R. Civ. P. 26(d)(1). "[H]owever, in rare cases, courts have made exceptions, permitting limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant." *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). Requests for early or expedited discovery are granted upon a showing of good cause by the moving party. *See Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275-76 (N.D. Cal. 2002) (applying "the conventional standard of good cause in evaluating Plaintiff's request for expedited discovery").

"The Ninth Circuit has held that when the defendants' identities are unknown at the time the complaint is filed, courts may grant plaintiffs leave to take early discovery to determine the defendants' identities 'unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.'" *808 Holdings, LLC v. Collective of Dec. 29, 2011 Sharing Hash,* No. 12-cv-0186 MMA (RBB), 2012 WL 12884688, at *3 (S.D. Cal. May 8, 2012) (quoting *Gillespie*, 629 F.2d at 642). "A district court's decision to grant discovery to determine jurisdictional facts is a matter of discretion." *Columbia Ins. Co.*, 185 F.R.D. at 578 (citing *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977)).

District courts apply a three-factor test when considering motions for early discovery

to identify Doe defendants. *Id.* at 578-80. First, "the plaintiff should identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court." *Id.* at 578. Second, the plaintiff "should identify all previous steps taken to locate the elusive defendant" to ensure that the plaintiff has made a good faith effort to identify and serve process on the defendant. *Id.* at 579. Third, the "plaintiff should establish to the Court's satisfaction that plaintiff's suit against defendant could withstand a motion to dismiss." *Id.* (citing *Gillespie*, 629 F.2d at 642). Further, "the plaintiff should file a request for discovery with the Court, along with a statement of reasons justifying the specific discovery requested as well as identification of a limited number of persons or entities on whom discovery process might be served and for which there is a reasonable likelihood that the discovery process will lead to identifying information about defendant that would make service of process possible." *Id.* at 580.

### III.   ANALYSIS

Upon review of the application and its supporting declarations, the Court finds that Plaintiff has met its evidentiary burden and shown good cause to subpoena records from Spectrum identifying the subscriber assigned to the subject IP address at the identified times. First, Plaintiff identified Defendant with specificity by using geolocation technology to trace his or her unique IP address. (ECF No. 4-1 at 12-13.) Second, Plaintiff identified previous steps taken to locate the Defendant, such as using various web search tools, and employing computer investigators and cyber security consultants. (*Id*. at 14.) Third, Plaintiff sets forth sufficient factual allegations as to each of the elements of direct copyright infringement and shows the complaint could withstand a motion to dismiss. Specifically, Plaintiff pleads: (1) it is the owner of a valid copyrighted work; (2) Defendant copied and distributed Plaintiff's files; and (3) Plaintiff did not authorize, permit, or consent to Defendant's copying or distribution of its files. (ECF No. 1 at 7-8.) Finally, Plaintiff's application demonstrates a reasonable likelihood that Plaintiff will be able to identify Defendant's true name and address through a Rule 45 subpoena.

The Cable Privacy Act generally prohibits a cable operator from disclosing

"personally identifiable information concerning any subscriber without the prior written or electronic consent of the subscriber concerned[.]" 47 U.S.C. § 551(c)(1). However, a cable operator may disclose the information if the disclosure is made pursuant to a court order and the cable operator notifies the subscriber of the order. 47 U.S.C. § 551(c)(2)(B). The ISP that Plaintiff intends to subpoena in this case is a cable operator within the meaning of the Act.

### IV.   CONCLUSION

Based on the above, the Court **GRANTS** Plaintiff's *ex parte* application for leave to serve a third-party subpoena prior to a Rule 26(f) conference (ECF No. 4) as follows:

1. Plaintiff may serve a subpoena, pursuant to and compliant with Federal Rule of Civil Procedure 45, on the ISP, Spectrum, seeking only the name and address of the subscriber assigned to the subject IP address for the relevant time period.

2. The subpoena must provide at least forty-five (45) calendar days from service to production. The ISP may seek to quash or modify the subpoena as provided at Rule 45(d)(3).

3. The ISP must notify its subscriber, no later than fourteen (14) calendar days after service of the subpoena, that his or her identity has been subpoenaed by Plaintiff. The subscriber whose identity has been subpoenaed will have thirty (30) calendar days from the date of the notice to seek a protective order, to move to quash or modify the subpoena, or file any other responsive pleading.

4. Plaintiff must serve a copy of this Order with the subpoena upon the ISP. The ISP, in turn, must provide a copy of this Order along with the required notice to the subscriber whose identity is sought pursuant to this Order.

5. No other discovery is authorized at this time.

**IT IS SO ORDERED.**

Dated: June 25, 2025

Hon. Steve B. Chu
United States Magistrate Judge